Oh, yay. Oh, yay. Oh, yay. The Honorable Appellate Court, 5th District, State of Illinois is now in session. The Honorable Justice Moore presiding, along with Justice Barbaras and Justice Bowie. First case this morning is number 517-0153, People v. Reiman. Arguing for the appellant, Richard Reiman, is Richard Whitney. Arguing for the appellee, People of the State of Illinois, is Jennifer Camden. Each side will have 10 minutes for their argument. The appellant will also have five minutes for rebuttal. You'll see the digital timekeeping device on my screen. When time has expired, I'll bang the gavel. Finally, please remember no photographs and only the clerk of the court is permitted to record these proceedings today. Counsel for the appellant, you may proceed. Thank you, your honors. Can you hear me okay? Yes. Okay. May it please the court, counsel, good morning, your honors. Attorney Richard Whitney representing the petitioner appellant, Richard Reiman. Your honors, this appeal concerns the dismissal of Mr. Reiman's post-conviction petition at the first stage to be reviewed by this court, de novo, and he contends before this court that two of those claims were improperly dismissed because they satisfied the low threshold that our legislature purposefully established for post-conviction petitions in the Post-Conviction Hearing Act at the first stage. In other words, taking the factual claims as true, unless positively refuted by the record and liberally construed, they stated the gist of a constitutional claim. In other words, they were not frivolous or patently without merit. Those two claims are, first, that trial counsel was ineffective in failing to present an involuntary intoxication or drug-conditioned defense based on unexpected and unwarned side effects of the Cymbalta he was taking on doctor's orders, and secondly, that counsel was ineffective in failing to request a fitness examination prior to trial since his use of Cymbalta, Mr. Reiman's use of Cymbalta, impaired his ability to understand the nature and purpose of the trial proceedings. As a necessary predicate to both claims, Mr. Reiman also alleged that counsel was ineffective in failing to investigate the effects of Cymbalta, even though he had informed his attorney about his use of Cymbalta. Your Honors, because we are here on a first stage dismissal, I must emphasize that we are not here to decide the merits of the claims. We are not here to decide whether the evidence shows that the Cymbalta made him do it or robbed him of the capacity to conform his conduct to the requirements of law, or whether his attorney was ineffective for failing to present that defense. He has not yet had the opportunity to present that evidence. The question before this Court on this appeal is whether he should have that opportunity. In other words, the question is not whether he has hit a home run. The question is whether he should be allowed to come to the plate to take his at-bat. Okay, but let me stop you and ask you specifically. In regard to the trial court and its role in assessing at this first stage whether these claims are either frivolous or patently without merit, what is your understanding? Explain to me what the court reviews. What does the court review to find if it meets, if it passes the muster on those two very lenient issues? Well, first of all, has he stated a constitutional claim? And I think in this case, Mr. Raymond clearly did. Ineffective assistance of counsel is clearly a constitutional claim. And if this particular claim, if he is able to prove this claim, it would be a complete defense. If a defendant is able to establish all the elements of involuntary drug condition, then basically he's acquitted. He is found not legally responsible because of that. So I think on that score, he stated that. Then the other question that the court has to ask itself is, well, is it patently without merit? In other words, is there enough in the record to completely contradict the claim? And in that regard... That's where the court hung its hat on its decision, isn't it? Well, primarily, but not entirely. It did, I think, as I explained in the brief in greater detail, for one thing, it misconstrued the claim because at one point the trial court wrote that the claim was that his attorney failed to introduce his medical records. But he never made that claim. The claim was his attorney failed to investigate, not that he failed to introduce the records. The records themselves wouldn't have proven very much. Secondly, the court misconstrued the law in trying to... In coming to the conclusion that it was patently without merit, because it basically said, well, if anything is published in the physician's desk reference or the package insert for the drug, that's sufficient warning. And therefore he wouldn't have that defense available to him. But the court was in error on a couple of counts. First of all, factually, because there's nothing in the record to say that it wasn't a package insert or the physician's desk reference as of February 12th, 2013, when the offenses were committed. And what the court relied on erroneously was an email exhibit that Mr. Raymond had attached to his petition that says that there are these side effects of using Cymbalta, but this was undated. The email that he pasted into this document didn't say that it came from the physician's desk reference. And basically he was a pro se petitioner, of course, not experienced in the law. He thought it was supporting his claim, but it really didn't. It didn't really do that much to support his claim. So those are all the ways in which the court below erred in applying the correct standard for first stage petitions. Instead of just looking at it and saying, well, this is stating the gist of a constable claim, it does the record completely contradicted, it went on and tried to do a full blown legal analysis. And in the course of doing so, it was wrong because it misinterpreted the Hari case that it cited for the proposition that if there are anything, available to the public that warns of an adverse side effect, then the defense is unavailable and the court in Hari never said that. So that's for all these reasons. And of course, explain in greater detail in the briefs, the court's basis for denying the claim was erroneous. Interestingly, the state does not defend the court's rationale primarily in its brief, but instead tries to supply one of its own, claiming that we should reimagine a trial in which we don't even know what the evidence would be that Mr. Raymond would present in support of his claim. And we contend as shown in the reply brief, that that's also erroneous because there is nothing in the law that says you're supposed to reimagine a trial in which at the first stage, not all the evidence has been presented. And our Supreme Court has been very clear about this in the Hodges case, the Edwards case, the Brown case, that at the first stage, you're not required to present all of your evidence. So there's no authority for this proposition. You're supposed to reimagine a trial in which we know what the evidence is, but we don't really know what the defendant's evidence would be. That would be kind of a pointless exercise and doesn't get us to where we need to be for analyzing this at the first stage. And essentially what the state does in its argument is look at certain facts that are in the record, the fact that he performed well in his job, the fact that there's some argument to be made that he planned certain elements of the offense or certain aspects of the offense. These would be fine arguments for the state to present at the second or third stage, but they're inappropriate here on first stage review because they don't completely contradict the record. Let me stop you for a second. If the claim is that he was involuntarily intoxicated or whatever the case may be, and that the attorney didn't provide that defense to him or affirmative defense, does the court not have the ability to look at the evidence that is in the record up to that point? And as you just pointed out in the state's brief, they make quite a case with regard to the fact that he showed some remorse during the act of the crimes that he was charged with, indicating that he knew that he was breaking the law, that he would go to jail, that things would happen. He had no way out. So he was reasoning during this whole time that he was supposedly intoxicated by this adverse effect of Cymbalta. If that and the court, is it not allowed to consider that in deciding whether or not the ultimate claim that he is making is meritless or frivolous? Yes, your honor. I see that my time has expired. If I may answer. You may. Thank you. Yes, the court, of course, is allowed and should review the record to see if there are things in the record that completely contradict the claim. But an example of that would be if, for example, the record showed that Mr. Raymond's attorney did attempt to present an involuntary intoxication or drug condition defense. That would be completely contradicting the record. What we have here are there are certain facts that would argue against that defense prevailing in court, but it's not an absolute thing. The fact that Mr. Raymond at certain points expressed remorse and understood that he was violating the law doesn't definitively that he was able to conform his conduct to the requirements of the law, which is one aspect of the involuntary drug condition defense. I'm going to stop you there for one more second. I know your time is up, but if Justice Moore allows us, we'll continue the conversation for a bit longer. The fact that, as the state points out in their brief, that his witnesses at trial all brought out the fact that he was exemplary in his job, that he can courted himself in accordance to the standards required for him to do his job, that he had no other issues outside of the law. This is not a new drug that was taken days before the act that he committed. Instead, he'd been on it for quite some time and continued using it quite some time afterwards. Obviously, the court doesn't know how he's going to react to it after they finished their hearing, but prior to, it seemed like there was plenty of things for the court to look at and say, okay, the underlying argument that he couldn't comport himself to the law, to act in accordance with the law, I don't think it's unreasonable to assume that the trial court found that to be meritless. In fact, that he had never had any problems up to that point while on drug for a considerable amount of time. If that were the case, if we can assume that that's what the court was looking at when it made its decision on this first stage hearing, is that not enough to justify the court's ruling? Your Honor's twofold response. Number one, I don't think that that's what the court did, but assuming that because it was familiar with the case, that that was in the back of its mind, it did consider that, I still would stand on the principle that that is still not enough to defeat this at the first stage. Because yes, he was taking the drug for a long time, but that in and of itself does not definitively prove that he was self-aware about how the drug was affecting him, or the drug itself may have masked it so that he didn't understand that it was affecting him. The fact that he was taking it for a long time, maybe the effects build up over time. And as a matter of fact, we see there was a gradual escalation that the state even talked about in its brief. There were a few things that happened in the months just prior to this incident, showing kind of a steady escalation. So, am I here to say that I would bet that he will prevail in this argument? No, of course not. When we get all the evidence out, when we allow ourselves to go to the second and third stage, he is going to have a tough uphill fight. But at the first stage, I don't think we can categorically say, based on the evidence and the record, that it's impossible for him to have a viable defense based on that. We're not at that point yet. He deserves the opportunity to and to present his evidence with the assistance of counsel, and then we can make that determination weighing what is in the record against the new facts that he would present with the assistance of counsel. Thank you. Thank you. Counsel for Applee, and of course the court will grant you the same leeway as far as time if you need it. Thank you, your honor. May it please the court, counsel Jennifer Camden on behalf of the people. The defendant isn't raising these claims in the context of a record that's otherwise silent as to his mental state and mental capacity. He shouldn't win second stage proceedings requiring appointment of counsel and a response from the state just by showing that he was on a drug prescribed to him for his diabetic neuropathy pain at the relevant times and alleging without other supporting evidence that he was involuntarily intoxicated or unfit. In the year's worth of medical records and physician's notes contained in the record in the PSI, he never recorded any side effects from this medication except once complaining that he still had the pain for which it was prescribed. The physician's exam at the jail and in the PSI records show that his mental status was stable with no history of mental health problems. Now when a defendant claims ineffective assistance based on a failure to investigate or raise an affirmative defense here based on Cymbalta, the prejudice analysis for both of those theories is the same. It's the defendant's burden even at this first stage to show that it's at least arguable that there's a reasonable probability that the jury would have acquitted him due to his involuntary intoxication on Cymbalta and the state argues not arguably a reasonable probability that such a trial would have resulted in acquittal because even if the court would have given that instruction, the jury would have found beyond a reasonable doubt that he was not involuntarily intoxicated and the state's argument is based on the overwhelming evidence of his mental capacity in the record to which Judge Barberos referred. Now the defendant is arguing that the state's analysis is better suited for later stages of review and is arguing the merits of his claim but the merits of a claim are relevant at the first stage of proceedings because indisputably meritless claims are properly dismissed at the first stage. The concept is inextricably intertwined. We can't have first stage review without considering on some level the merits of a claim and it's for instance fantastic or delusional claims are also claims that have no merit. At some stage the point the weakness of a claim is so apparent from the record that it becomes indisputably meritless or frivolous and subject to first stage dismissal. So with an ineffective assistance of counsel claim, the court considers a defendant's ability to show prejudice at this first stage by asking whether there's an arguable basis to find a reasonable probability that but for this error in performance, alleged error, the result would have been different and that's not an analysis that can occur in a vacuum. It's an analysis that depends on what the alleged error is and what the evidence was that the state did present at trial. In the state's cases cited on page 40 of the answer brief, the appellate court assessed in each of those cases a defendant's first stage post-conviction claim based on ineffective assistance of counsel based on counsel's strategic decision by examining, and this is in response to the court's question about what can a court examine, by examining in the entire trial record and considering then based on that record what would have happened if trial counsel had behaved as defendant in the first stage petition is claiming that counsel should have behaved and in each of those cases cited by the state, the appellate court did reimagine the trial as one in which counsel had acted differently and the court did that by considering the probable effect of that different strategy on the trial in light of all the evidence that was presented at the trial and all the other evidence in the record. And in each of the state's cases, the appellate court concluded that based on that record that it was not arguable that the outcome of the trial would have been if reasonable probable, reasonably probably different if counsel had taken that other course and affirmed summary dismissal. And I'd also note that in the defendant's cited case, the Tate case, the Supreme Court used that same analysis, it's just that in that case the analysis went the other way in favor of the defense and the court concluded that the testimony of the additional defense witness raised in the post-conviction petition arguably could have made a difference in the trial's outcome and reversed summary dismissal on that basis. So in this case, like the records in the state cited cases and in Tate for that matter, the record in this case shows what would have happened if the defense counsel had attempted this proposed trial strategy and if the jury had heard evidence that the defendant was an uncontrolled diabetic taking a pain medicine for his nerve pain with a long-standing prescription, he'd have, he'd been taking that drug for more than two years off and on at the time of the alleged crimes or the crimes of which he was convicted. There's no reasonable probability that the jury would have acquitted him given the overwhelming evidence not just of guilt but also of his mental capacity. Now the defendant is arguing that the proper analysis is simply whether the record rebuts the claim and factual claims can be factually rebutted but legal theories can be found um indisputably meritless and the first stage analysis in the uh in the state's case and for that matter also in Tate, the first stage analyses in those cases didn't depend on whether the record affirmatively rebutted the factual allegations made in the petition. The analyses in those cases was about the defendant's failure to show even arguable prejudice even if the factual allegations were true. So both Tate and uh the state's cases were about extra evidence that the defendants uh were arguing should have been in the case cited by the state didn't affirm summary dismissal because it found that the proposed witnesses wouldn't have given the testimony that the defendant wasn't uh was claiming that they would have. They affirmed summary dismissal because they found quite simply that it wouldn't have made a difference. So that's the analysis that's been followed in the appellate court in first stage claims uh in which a defendant is alleging ineffective assistance of counsel and that's the analysis that the state is urging here. Further on that point of factual rebuttal, as I say factual claims can be rebutted. Here the only pure claim of fact in the defendant's post-conviction petition related to the Cymbalta was that he was on Cymbalta at all relevant times. Now while he alleges that he was on it for depression, now of course that part of the factual allegation was explicitly rebutted by the record, but he was on Cymbaltus. The record doesn't rebut that allegation. Uh the the other allegation that it uh that it gave him side effects that were so severe as to reduce his capacity or fitness, that's a mixed question of uh of law and fact and isn't uh due any particular deference. Um and so it isn't enough that the uh defendant just showed that he was on Cymbalta. He still has the burden of showing at this first stage that it's arguable that there's a reasonable probability that if presented with the evidence that he was on that drug and the affirmative defense, the jury would have acquitted him and the jury would not have found uh that this nerve pain medication uh prescribed to a man who planned his crimes and executed them in a manner to avoid detection and repeatedly acknowledged even before he returned his daughter to her home that he had wronged his victim and who never complained to a doctor of any mental side effects and who reported his mental health is stable while on that drug, a jury would not uh even arguably have found that this drug caused side effects that robbed him of the substantial capacity to know that what he was doing was criminal or that what he or to follow the law. Um wasn't there evidence in the record that uh he uh told one of his arresting officers that he was that he knew he was going to prison? Yes your honor absolutely and and at the moment that that I'll ask you to address that Mr. Whitney when it's your turn. Right uh yes your honor I mean I uh didn't uh he did say that and he also uh acknowledged to his girlfriend on the phone you know there are more than 30 phone calls uh to his girlfriend that uh that were admitted the recordings of them from jail uh were admitted into the record and they're uh they're discussed in the state's brief and in them uh there's um evidence that he uh both of his substantial capacity related to the involuntary intoxication issue and there's also um evidence of his fitness related to the related to the fitness issue. Um I also want to point out that in the reply brief at page eight the defendant asserts that the defendant now contests some facts regarding the events of the date of the crime and he's citing to the section of the pro se petition um alleging a claim that uh that that the defendant on appeal isn't renewing. This was the claim of ineffective assistance based on a theory that counsel should not have told him not to testify at trial and the affidavit regarding what he would have testified to and the the state um addressed that part of the petition in its answer brief in the context of the defendant's fitness claim arguing that it was incongruous uh for the defendant to argue on one hand that he was unfit to be tried but on the other hand fit to testify at that trial. Um I'd argue that the same is true for his use of that petition here in the um involuntary intoxication context because the defendant can't on the one hand claim that counsel should have argued um that he was so affected by Cymbalta that he couldn't control himself or didn't know what he was doing was wrong and at the same time argue that that uh he should have been allowed to testify that he definitely didn't for example smash Dever's head into the wall or push her down the basement steps and that's not just because an defendant now seeks to deny them but also because a jury would not even arguably find that a defendant who claimed the capacity to control himself in those ways and remember those points simultaneously lacked capacity as defined by the involuntary intoxication instructions and if I know my time has expired may I make one final point you may thank you very much um in the uh state uh suggests that perhaps that uh that portion of the petition reflects his thinking at the time that he filed the petition not at the time of trial and uh suggests that perhaps he's been subsequently restored to fitness um my first response is that the appellate court of course is limited to the four corners of the petition at this stage uh and and is not to consider arguments raised on appeal my second point is that the petition was claiming that he could have given that testimony at the time he wasn't claiming that he newly remembered evidence he was claiming he was ready to go uh at the time at trial and uh as the defendant argues the facts in the that are alleged in the petition are to be taken as true at this stage so neither party should be able to testify and give his account of the uh events of the date in question and if there are no further questions i'll i'll ask the court to affirm thank you counsel uh mr whitney thank you your honors uh first let me try to address justice moore's question uh your honor it is true that there is evidence in the record to suggest that mr raymond knew that he was going to be in trouble for what he did he knew he was in trouble with the law however section 6 3 6-3 of the code regarding the involuntary intoxication or drug condition defense says that a person who is in that capacity either to appreciate the criminal criminality of his conduct or to conform his conduct to the requirements of law so the fact that mr raymond at certain points indicated that he knew he was breaking the law might go to that first element that he was able to appreciate and we can have a debate on whether appreciate and knowledge is the same thing i i don't think it is exactly the same thing but if you look at the second element conformist conduct that's completely conduct driven and the fact that someone might be mentally aware in in in some at some level that gee this is this is illegal does it is not the same thing as ability to conform conduct to the law and that's that is a second and distinct element which by the way is not available in the insanity defense and i know that the state has cited a few cases for uh where the insanity defense has been raised but this is different involuntary drug condition is different it has the second element one is a mental element one's a conduct element and if the drug robs you of your ability to conform your conduct to the law then you still have that defense again i'm not suggesting here that he's going to have a great case when he's able to bring all his evidence here but it has not been foreclosed by the record and that's really the point here at first stage review it hasn't been foreclosed he deserves his chance to come up to the plate with respect to some of the cases the state cites on page 40 of its brief where it the first stage and based on things in the record does dismiss because they are patently without merit we're not disputing that of course that there are circumstances in which that occurs but this is not a case like i think it was the richardson case where the claim was well my attorney should have filed a motion to suppress and the court looks at all the evidence and says you know what even if that's suppressed if even if your statement was completely suppressed there was so much evidence they'd find you guilty anyway how is this not similar i'm sorry i'm sorry how is this not similar in so much as he's claiming that you know uh if my attorney would have raised that i was on cymbalta and it caused me to be unaware of what i was doing or i'm out of control of what i was doing how how's that different than the court here looking at the record and saying even had he raised that there's enough evidence here that suggests that it's not going to it's not going to fly because there isn't enough evidence of that in this case you know even looking at all the things that the state calls to the court's attention uh that you know he performed well at his job that uh that he made certain statements indicating some awareness that he was doing was illegal that is still not enough to disprove the contention absolutely that he that he was not in his right mind when he did that and he could not conform his conduct to the requirements of law what in the records what in the record supports that position over the state's position that you you know with the elements you just pointed out that they pointed to that there isn't but at the first stage there doesn't need to be because if he stated a claim and it's not completely contradicted by the record uh you know he's not required let me stop you there okay isn't it completely contradicted if there's nothing in the record to support it and there is things in the record that the court can use to to find that it's meritless uh respectfully no your honor because at the first stage the the supreme court's been very clear about this a pro se petitioner is not required to present all of his evidence he just has to have enough evidence i'm sorry i i agree with you and i understand the supreme court's position on it he's not required to present all of his evidence what evidence did he present that would support his position here well his affidavit is which is required his affidavit says that this caused me to be unable to conform my conduct to the requirements of law uh and and you know it impaired his judgment and at first stage that is sufficient uh again this is a very limited screening function that occurs here i see that my time has expired your honor but i'm happy to follow up if required otherwise i'll conclude by simply asking the court to reverse the trial court's ruling denying his petition and remand for second stage proceedings any other questions not for me thank you counsel thank you counsel the court will take the matter under advisement and issue its decision in due course